UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Matthew Aaron Simpson II,

            Plaintiff,        Case No. 23-12128

v.                                  Judith E. Levy
                                  United States District Judge
Navy Federal Credit Union,
                                  Mag. Judge Curtis Ivy, Jr.
           Defendant.

_____/

**<u>OPINION AND ORDER DISMISSING THE COMPLAINT [1]</u>**

Before the Court is Matthew Aaron Simpson II's pro se complaint. (ECF No. 1.) Because Plaintiff has been granted permission to proceed *in forma pauperis* (ECF No. 5), the Court must screen his complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

For the reasons set forth below, Plaintiff's complaint is dismissed.

**I.    Factual Background**

Plaintiff alleges that "[c]ommerce" is at issue in this case. (ECF No. 1, PageID.4.) He asserts that he "was denied credit which is a[n] adverse action" but does not provide any facts. (*Id.*, PageID.5.)

Plaintiff requests $10,000 in damages and that the Court "open [his] credit card $25,000 credit limit." (*Id.*, PageID.6.)

## II. Analysis

Plaintiff proceeds *in forma pauperis* (ECF No. 5), so the Court must screen his complaint pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to § 1915(e)(2), dismissal is proper if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

Because Plaintiff is pro se, the Court will construe his pleadings liberally. "Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal citations and quotation marks omitted)).

Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the

2

claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id*. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Despite this liberal pleading standard, this complaint is subject to dismissal for two reasons. First, Plaintiff's bare allegations in the complaint are insufficient to show that subject matter jurisdiction exists.

3

Second, his complaint does not include a statement of the claim showing that he is entitled to relief.

Plaintiff does not specify the basis for jurisdiction. He asserts that the Court has federal question jurisdiction but does not state any federal statute at issue in this case. (*See* ECF No. 1, PageID.3–4). In answer to "[i]f the Basis for Jurisdiction Is a Federal Question[,] List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff writes, "[c]ommerce." (*Id.*) Because he does not provide a short and plain statement of the grounds for jurisdiction, it is not clear if his claims arise under federal law or implicate significant federal issues. The Court does not have enough information to establish federal question jurisdiction over his suit.

Plaintiff's complaint also does not conform with Federal Rule of Civil Procedure 8(a)(2) requiring "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff does not allege Defendant violated any law or right. (ECF No. 1, PageID.4.) He does not provide any facts beyond "I was denied credit which is a[n] adverse action." (*Id.*, PageID.5.) Plaintiff's complaint does not include

4

any comprehensible facts about what happened to him, how he was harmed, or what Defendant did or did not do. Without these key allegations, Plaintiff does not give Defendant fair notice of his claim. Based on the bare allegations in the complaint, the Court concludes that Plaintiff does not comply with Federal Rule of Civil Procedure 8(a) and fails to state a cognizable claim.

### III. Conclusion

For the reasons set forth above, the Court orders that the Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b).

If Plaintiff elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.

Dated: March 6, 2025         s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
                                             United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
